IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-946-D

STEVE ADAMS,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )        **ORDER**
                                                )
NANCY A. BERRYHILL,                             )
Acting Commissioner of Social Security,         )
                                                )
                    Defendant.                  )

On December 11, 2017, Magistrate Judge Jones issued a Memorandum and Recommendation

("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings

[D.E. 15], grant defendant's motion for judgment on the pleadings [D.E. 18], and affirm defendant's

final decision. See [D.E. 18]. On December 20, 2017, plaintiff objected to the M&R [D.E. 19].

Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of

those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Diamond,

416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those

portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear

error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections largely restate the arguments made to Judge Jones concerning the weight given to the opinions of plaintiff's treating physician and plaintiff's residual functional capacity. Compare [D.E. 12] 2–10, with [D.E. 19]. However, Judge Jones properly analyzed the record, properly found certain errors harmless, and did not make post hoc rationalizations for the ALJ's decision. See, e.g., M&R at 8–14. Moreover, substantial evidence supports the ALJ's decision. See id. at 2–14.

In sum, plaintiff's objections to the M&R [D.E. 19] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 11] is DENIED, defendant's motion for judgment on the

2

pleadings [D.E. 15] is GRANTED, defendant's final decision is AFFIRMED, and this action is

DISMISSED. The clerk shall close the case.

SO ORDERED. This 24 day of January 2018.


JAMES C. DEVER III
Chief United States District Judge